# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2434 | **DATE** | 6/25/2003 |
| **CASE TITLE** | Budget Rent A Car Corporation vs. G & M Truck Rental, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for temporary restraining order [4-1] is denied and plaintiff's motion for preliminary injunction [4-2] will be set for an evidentiary hearing at the earliest convenient date. Status hearing for setting the hearing date is set for 6/26/03 at 9:15 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | | 2 number of notices | |
| ✓ | Notices mailed by judge's staff. | | | JUN 26 2003 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | U.S. DISTRICT COURT CLERK | | 15 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 03 JUN 26 AM 8:07 | 6/25/2003 date mailed notice | |
| MD | courtroom deputy's initials | | FILED Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BUDGET RENT A CAR CORPORATION, ) ) Plaintiff, ) ) vs. ) ) G & M TRUCK RENTAL, and GARY USARY, ) MALIA USARY d/b/a G & M TRUCK ) RENTAL, ) ) Defendants. ) | DOCKETED JUN 2 6 2003 No. 03 C 2434 Judge Joan H. Lefkow |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Budget Rent-A-Car Corporation ("Budget"), claims that defendants, G & M Truck Rental, Gary Usary, and Malia Usary (collectively "G & M"), have breached a covenant not to compete contained in a franchise agreement between them. Budget now seeks a temporary restraining order and preliminary injunction requiring G & M immediately to cease operations that violate the covenant. For the reasons articulated below, the court denies the motion for a temporary restraining order and will set the motion for preliminary injunction for evidentiary hearing.

## FACTS

On March 10, 2003, G & M terminated a Budget Dealer Agreement ("Agreement") with Budget under which G & M rented to the public Budget-owned trucks and moving accessory equipment from an authorized Budget Truck Rental Location in California. The Agreement included a non-compete provision that upon termination of the Agreement, G & M for a one year period would not operate a competing business at the Budget Truck Rental Location or within a

15

five-mile radius of it. G & M terminated the Agreement, but despite the non-compete agreement continues to operate a truck rental service at the Budget Truck Rental Location, as an authorized dealer of one of Budget's strongest competitors, Penske Truck Leasing.

## STANDARDS

The moving party seeking a TRO or a preliminary injunction must demonstrate, as a threshold matter, (1) its case has some likelihood of succeeding on the merits; (2) there is no adequate remedy at law; and (3) it will suffer irreparable harm if a preliminary injunction is not granted. *Abbott Laboratories* v. *Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992).

If Budget meets all three conditions, the court must consider whether the non-moving party will suffer irreparable harm if the preliminary injunction is granted and balance that harm against the irreparable harm to the moving party if relief is denied. *Id.* A "sliding scale" approach, "the more likely it is the plaintiff will succeed on the merits, the less the balance of irreparable harms need weigh towards its side; the less likely it is the plaintiff will succeed, the more the balance need weigh towards its side." *Id.* Further, the court must consider the public interest in granting or denying the injunction. *Roland Mach. Co.* v. *Dresser Indus., Inc.*, 749 F.2d 380, 388-389 (7th Cir. 1984).

## DISCUSSION

### A.     Likelihood of success on the merits

The threshold of the plaintiff's showing of his likelihood of success on the merits is low. *Id.* at 387. The plaintiff's chances must be "better than negligible." *Id.*, quoting *Omega Satellite Prods. Co.* v. *City of Indianapolis*, 694 F.2d 119, 123 (7th Cir. 1982). If the plaintiff shows some likelihood of success, the court must also determine how likely the success is, because the "more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor;

the less likely he is to win, the more need it weigh in his favor." *Roland Machinery*, 749 F. 2d 387. The Agreement provides that Illinois law applies and that litigation will take place in an Illinois forum. The court applies the forum state's choice-of-law rules, *Klaxon* v. *Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941), and in Illinois express choice of law provisions in contracts are given effect, subject to certain limitations. *Potomac Leasing Co.* v. *Chuck's Pub, Inc.*, 156 Ill. App. 3d 755, 757-58, 509 N.E. 2d 751, 753 (1987). The limitation applicable here involves considerations of public policy. Illinois courts apply the rule of Restatement 2d (Second) of Conflicts of Law § 187, that the parties' choice of law will be enforced unless

> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188,[1] would be the state of the applicable law in the absence of an effective choice of law by the parties.

*Nelson* v. *Hix*, 122 Ill. 2d 343, 357, 522 N.E. 2d 1214, 1216 (1988); *see Donaldson* v. *Fluor Eng'rs, Inc.* 169 Ill. App. 3d 759, 763, 523 N.E. 2d 1113, 1116 (1988) ("The Restatement has been used by Illinois courts in helping to resolve conflict-of-law situations[,]" citing above-quoted text.) Thus, the court looks first at whether there is a conflict between the public policies of the two states, and then, if there is a policy conflict, at whether the other state has a materially greater interest in the case.

---

[1] Section 188 "applies in all situations where there has not been an effective choice of the applicable law by the parties (see § 187)." *Id.* at § 188 Comment (a).

1. **Whether the public policies of the two states conflict.**

Implicitly acknowledging that the covenant at issue would be enforced in Illinois,[2] G & M argues that enforcement of the covenant at issue here would violate strong public policy of California and thus should not be enforced against it. Budget argues that the covenant at issue does not violate California's policy against covenants "by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind," CAL. BUS. & PROF. CODE § 16600.

*Walia v. Aetna, Inc.*, 113 Cal. Rptr. 2d 737 (2001), *pet. for rev. granted*, 41 P.3d 548 (Cal. 2002), *pet. dismissed and case remanded*, 66 P.3d 717 (Cal. 2003),[3] explicitly states that § 16600 "represents the 'strong public policy of the State of California' that 'the interests of the employee in his own mobility and betterment are deemed paramount to the competitive business interests of the employers.'" 113 Cal. Rptr. at 742 (and citing cases); *see Roll Systems, Inc. v. Shupe*, No. Civ. A 97-12689-GAO, 1998 WL 1785455, at *2 (D. Mass. Jan. 22, 1998) ("... California does have a fundamental policy against the enforcement of restrictive covenants as broad as the one [defendant] signed.").[4] Thus, if the covenant at issue would not be enforced

---

[2]"In determining the enforceability of a restrictive covenant in an employment setting, the test applied by Illinois courts is whether the terms of the agreement are reasonable and necessary to protect a legitimate business interest of the employer. There are two general situations in which a legitimate business interest will exist: (1) where the customer relationships are near permanent and, but for his association with the employer, the former employee would not have had contact with the customers; and (2) where the former employee acquired trade secrets or other confidential information through his employment and subsequently tried to use it for his own benefit. *Dam, Snell and Taveirne, Ltd. v. Verchota*, 324 Ill. App. 3d 146, 151, 754 N.E.2d 464, 468-69 (2001). Whether these criteria are met here is not at issue, as indicated.

[3] The appeal was dismissed pursuant to Cal. St. A. Rule 29.3(b), which according to the Advisory Committee notes may be for a variety of reasons, including "improvident" grant of review or a supervening event such as settlement.

[4]The Restatement (comment to § 187) indicates that "a fundamental policy may be embodied in a statute which makes one or more kinds of contracts illegal or which is designed to protect a person against the oppressive use of superior bargaining power."

4

in California, it follows under the Restatement principle cited above, that unless Illinois has a materially greater interest in enforcement than California has in non-enforcement, the law of Illinois is inapplicable.

It is not entirely clear whether Budget's covenant here would be enforced in California. In addition to *Walia*, G & M cites *Latona v. Aetna U.S. Healthcare, Inc.*, 82 F. Supp. 2d 1089 (C.D. Cal. 1999); *Roll Systems*; and *Scott v. Snelling & Snelling, Inc.*, 732 F. Supp. 1034 (N.D. Cal. 1990). In *Scott* the court held that a covenant by a franchisee not to compete with another franchisee in their former franchise area (the area of which is not stated in the opinion) for two years after termination was not enforceable under California law. In *Walia* and *Latona*, the courts held that an employee covenant that prohibited employees for six months after leaving employment from working as a salesperson for most employers in the health care industry in California was unenforceable. In *Roll Systems* the court held that an employee's covenant not to engage in any activity in competition with his employer for a two year period would not be enforceable in California.

Budget, on the other hand, relies on *The Great Frame Up Systems, Inc. v. Jazayeri Enters., Inc.*, 789 F. Supp. 253 (N.D. Ill. 1992), in which this court ruled that a non-competition restriction during the term of an existing franchise would not be void under California law, and the application of Illinois law was not contrary to a fundamental policy of California; *IBM v. Bajorek*, 191 F.3d 1033 (9th Cir. 1999), where the court ruled that a condition on an employee's stock options that he not work for a competitor for six months after exercising the options would not violate § 16600, reasoning that the defendant "was free to work in his profession and in the same industry and keep the money, so long as he did not work for a competitor [,a]nd he could

5

work for a competitor if he gave up what was paid in part for his promise not to[;]" *id.* at 1041; *General Commercial Packaging v. TPS Package Eng'g*, 126 F.3d 1131 (9th Cir. 1997), where the court held that a bargained-for agreement barring a subcontractor from courting a specific customer, as opposed to entire trade or industry or significant portion thereof, did not violate California's prohibition against contracts in restraint of trade, relying principally on *Campbell v. Board of Trs. of Leland Standford Junior Univ.*, 817 F.2d 499, 503 (9th Cir. 1987) (agreement by psychologist who agreed to refrain from activities that "injured the sale" of owner's product was enforceable because it did not "completely [restrain]" him from pursuing his profession); *Baskin-Robbins, Inc. v. Patel*, No. 02 C 4883, 2003 WL 742182, at *3 (N.D. Ill. March 4, 2003), in which an agreement restricting defendant for two years from operating a retail ice cream store in the same storefront or building as the former store was "likely narrow enough to be upheld under California law[;]" and *Boughton v. Socony Mobil Oil Co.*, 231 Cal. App. 2d 188, 41 Cal. Rptr. 714 (1964) (restraint on use of parcel of land was enforceable).

Other than *Boughton*, the cases on which Budget relies do not arise from the California state courts. *The Great Frame Up* is readily distinguishable because it did not treat a post-termination situation, as the court acknowledged, stating, "California courts are in general agreement that *post-termination* restrictions do violate § 16600, *id.* at 256, citing *Scott; Bosley Med. Group v. Abramson*, 161 Cal. App. 3d 284, 207 Cal. Rptr. 477 (1984) (provision in stock purchase agreement that defendant will not compete with plaintiffs for a 3-year period is void and unenforceable[5]). And although the Ninth Circuit in *IBM, General Commercial Packaging,*

---

[5]The court in *Bosley* wrote, "Although at common law and in many states, a restraint on the practice of a trade or occupation, even as applied to a former employee, is valid if reasonable, the so-called rule of reasonableness was rejected by this state in 1872." (Citations omitted). 161 Cal. App. 3d at 288, 207 Cal. Rptr. at 480. "A 'rule of reason' compares the costs and benefits of a restraint of trade, and permits even significant restrictions if the benefits outweigh the costs." *General Commercial Packaging*, 126 F.3d

6

and *Campbell* appears to be more willing to uphold noncompete covenants (while at the same time acknowledging possible inconsistency with California law, *see IBM*, 191 F.3d at 1041 ("We are not free to read California law without deferring to our own precedent on how to construe it.")), *Walia* explicitly rejects *IBM* as contrary to California law. 113 Cal. Rptr. at 744. The other cases are fairly distinguishable from the case before the court in the sense that each more readily falls within the "narrow restraint" exception recognized by the California courts. In *General Commercial Packaging* the respective covenants restrained the employee from dealing with but one, albeit large, customer, Disney Corporation, and in *Campbell*, the employee was restrained from activity that would injure sales of one product. *See Walia*, 113 Cal. Rptr. at 743 ("[C]ourts have permitted non-compete agreements when they only narrowly restrain competition, discussing *General Commercial Packaging, Boughton,* and *King v. Gerold*, 109 Cal. App. 2d 316, 240 P.2d 710 (1952),[6] as examples of "small or limited" restrictions). *Boughton*, dealing with use of a particular parcel of land, similarly fits the narrow restraint exception of California law.

Budget argues that the restriction on G & M is a narrow restraint, because G & M could readily move to a location five miles and one inch away from its present location. G & M on the other hand argues that because it has built its business at this location over a period of more than six years, it has a long-term lease, and because (using Budget's own words) "geographical territory in the equipment rental [business] is very important" and "[t]he industry standard target

---

at 1133.

[6]In *King,* the court upheld an agreement in which an inventor and designer of a house trailer licensed the defendant to manufacture it for certain royalties; and the contract provided that if there was no renewal at the end of six months defendant would cease to manufacture and sell trailers of the plaintiff's particular design and style.

market . . . is 5 miles," enforcement of the restraint would effectively prevent G & M from engaging in its chosen trade or business, the restraint is considerably broader than the covenants in the cases on which Budget relies and is very much like *Scott*, including that *Scott* treats a franchise agreement. *But see Baskin-Robbins, Inc.*, 2003 WL 742182, at *3 ("California is not as friendly [as Massachusetts] to non-compete clauses, but would most likely uphold" a covenant that for two years after termination franchisee would not engage in or have any interest in competing business at the same premises or within the group of buildings in which the premises were located, citing *Boughton; IBM*; and *General Commercial Packaging*).

Thus, although issues of fact may be determinative here (for example, what is the practical effect of the restraint on G & M; how many competitors exist within the five-mile radius; what would prevent Budget from opening another dealership nearby), contrary to the indication this court gave counsel on the record before having had the opportunity to study the cases, the court is persuaded that the covenant at issue in this case would not likely be enforceable in California.

2. **Whether Illinois or California has the greater interest in enforcement of its public policy**

Under the Restatement, public policy will override the contractual choice of law "only if the state has a materially greater interest in the litigation than the contractually chosen state." *Wright-Moore Corp. v. Ricoh Corp.*, 908 F.2d 128, 132-33 (7th Cir. 1990). Thus, for California's public policy to override the contractual choice of law, defendant must show that California has a materially greater interest in this litigation than does Illinois. In *Wright-Moore Corp.*, the court concluded that where the chosen state was merely the state of incorporation of the defendant but another state was where the plaintiff was located and incorporated, where its

witnesses and documents were located, where the contract negotiations occurred and where the contract was in part performed, that state had a materially greater interest in the litigation. *Id.* at 133.[7] The Restatement explains, "The more closely this state is related to the contract and to the parties, the more likely it is that the choice-of-law provision will be given effect. The more closely the state of the chosen law is related to the contract and the parties, the more fundamental must be the policy of the state of the otherwise applicable law to justify denying effect to the choice-of-law provision." Restatement (Second) of Conflicts § 187, comment. Under these standards, it is likely that California has a materially greater interest in the litigation here in that, according to the papers submitted on the motion, the contract was negotiated and signed in California, G & M operates in California and Budget, likewise, operates in California in managing allocation of trucks and otherwise dealing with its franchisees. Illinois, on the other hand, is merely the place of incorporation of Budget and apparently not even the site of its corporate headquarters.

For all of these reasons, the court concludes that Budget's likelihood of success on the merits is probably more than negligible, but small.

**B.    Adequate remedy at law**

To show the lack of adequate remedy at law, a plaintiff must show that an award of damages at the end of trial will be "seriously deficient as a remedy for the harm suffered." *Roland,* 749 F.2d at 386. A damages remedy may be found inadequate "if it comes too late to

---

[7] In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
(a) the place of contracting,
(b) the place of negotiation of the contract,
(c) the place of performance,
(d) the location of the subject matter of the contract, and
(e) the domicile, residence, nationality, place of incorporation and place of business of the parties.
These contacts are to be evaluated according to their relative importance with respect to the particular issue.

save the plaintiff's business or if the nature of the plaintiff's loss may make damages very difficult to calculate." *P.P. & K v. McCumber*, 1994 U.S. Dist. LEXIS 5775, at *27, 1994 WL 71441, (N.D. Ill.), *aff'd*, 46 F.3d 1134 (Table) (7th Cir. 1995). To find a legal remedy adequate, it must be clear and complete and must be just as effective as the sought-for injunction in achieving justice. *Prairie Eye Center, Ltd. v. Butler*, 329 Ill. App. 3d 293, 304, 768 N.E. 2d 414, 424 (2002) (citing cases). *See Dam, Snell and Taveirne, Ltd.*, 324 Ill. App. 3d at 155, 754 N.E. 2d at 472 (Where employer invested significant effort and monies to develop clientele, loss in revenues resulting from the loss of such clients was incalculable, plaintiff demonstrated inadequate remedy at law). Budget here contends that its remedy at law is inadequate because without an injunction "it will lose the immeasurable benefit which its investment in the Dealers was intended to create, and its goodwill and standing within the immediate market . . . ." Memo. in Support at 14. The affidavit of Peter Martinelli sets out that Budget, besides supplying equipment, advertises, gives the dealers customer information and confidential pricing information, and other services which are highly beneficial to G & M and which are now being put to use for Penske, its competitor. *See Baskin-Robbins, Inc.*, 2003 WL 742182, *4 ("A franchiser could be harmed if it had trouble attracting another franchisee to the area now serviced by a competitor [citation omitted], or if its franchise system as a whole was undermined"), citing *Quizno's Corp. v. Kampendahl*, No. 01 C 6433, 2002 WL 1012997, *7 (N.D. Ill. May 20, 2002) (franchiser would be irreparably harmed if injunction was denied since a message would be sent to other franchisees that their franchise agreements do not protect the franchiser and could be disregarded).

The court agrees that under similar cases, these facts are sufficient to establish an inadequate remedy at law.

10

## C. Irreparable harm

> "The requirement of irreparable harm is needed to take care of the case where although the ultimate relief that the plaintiff is seeking is equitable, implying that he has no adequate remedy at law, he can easily wait till the end of trial to get that relief. . . . The question is then whether the plaintiff will be made whole if he prevails on the merits and is awarded damages. * * * In principle, any profits lost by [plaintiff] as a result of being terminated for breach of an implied exclusive-dealing contract can be monetized, and awarded as damages; but in practice it may be very difficult to distinguish the effect of the termination from the effect of other things happening at the same time, and to project that effect into the distant future.

*Roland Machinery Co.*, 749 F.2d at 386. Under the seminal *Roland Machinery* case, Budget has established irreparable harm in that it would likely be very difficult to distinguish the effect of G & M's capturing business that would otherwise have gone to Budget from factors such as the personal good will that G & M itself generated apart from Budget and the relative competitive strength, if any, of Penske over Budget, the importance of location alone, and the like.[8]

## D. The balance of harms

"[S]ince the defendant may suffer irreparable harm from the entry of a preliminary injunction, the court must not only determine that the plaintiff will suffer irreparable harm if the preliminary injunction is denied--a threshold requirement for granting a preliminary injunction-- but also weigh that harm against any irreparable harm that the defendant can show he will suffer if the injunction is granted." *Id.* at 387. In other words, "[t]he court's task in granting or denying a motion for a preliminary injunction is to minimize errors: "the error of denying an

---

[8]G & M cites *Budget Rent A Car v. Harvey Kidd Auto.*, 249 F. Supp. 2d 1048 (N.D. Ill. 2003), for the proposition that a preliminary injunction was denied because Budget did not show irreparable harm. This is inaccurate. Judge Bucklo there denied the motion for temporary restraining order because she was unable to find irreparable harm based on the parties' written submissions but referred the motion for preliminary injunction to the magistrate judge. The case thereafter settled. *See* Case No. 03 C 1193, Docket Nos. 7, 15.

11

injunction to one who will in fact ... go on to win the case on the merits, and the error of granting an injunction to one who is going to lose." *Id.* at 388.

In response to Budget's plaint as to the harm it is suffering, G & M poses as David facing Goliath, warning that an injunction will inflict more serious irreparable harm on it than the harm the multi-national corporation Budget could possibly suffer without an injunction. G & M asserts that its (presumably net) income in 2002 was less than $60,000, that its principals have worked at this location for more than six years, that they have a long-term lease and, if they are enjoined, they will in practical effect be put out of business. Because the interests of the two parties are in entirely different realms, it is somewhat difficult to balance the harms. Nevertheless, the court is persuaded that in the short term contemplated by a temporary restraining order, the balance of harms favors G & M, and, like the judges in *Baskin-Robbins* and *Harvey Kidd Automotive*, No. 03 C 1193, 249 F. Supp. 2d 1048 (N.D. Ill. 2003), that an evidentiary hearing will be necessary for determination of the motion for preliminary injunction.

### E. Public interest

Finally, the court briefly addresses any public interest in the granting or denying of the relief requested. The court acknowledges there is an interest in enforcing valid contracts, including contracts with non-compete clauses contained in franchise agreements. *See Baskin Robbins*, 2003 WL 742182, at *5. If, however, the covenant at issue were found to be unenforceable under California law, there would be no public interest in enforcing it.

12

## CONCLUSION

For these reasons, the motion for a temporary restraining order is denied, and the motion for preliminary injunction will be set for an evidentiary hearing at the earliest convenient date [#4]. A status hearing for setting the hearing date is set for June 26, 2003, at ~~9:30~~ 9:15 a.m.

ENTER: _/s/ Joan H. Lefkow_
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: June 25, 2003